**Opinion issued February 26, 2026**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00785-CV

———————————

**CAMDEN DESIGN GROUP, INC., Appellant**

**V.**

**DIALYSPA MANAGEMENT SERVICES, INC; FERNANDO FLORES-NEW; JEFFERY KALINA AND ALI KALINA, Appellees**

On Appeal from the 190th District Court
Harris County, Texas
Trial Court Case No. 2020-52925

## MEMORANDUM OPINION

Appellant Camden Design Group, Inc. ("Camden") appeals the trial court's order granting summary judgment in favor of appellees Dialyspa Management Services, Inc., Fernando Flores-New, Jeffrey Kalina, and Ali Kalina (collectively "Dialyspa"). Camden argues that the trial court erred by dismissing its breach of

contract and attorney's fees claims and by denying its motion for new trial. We affirm.

## Background

Camden and Dialyspa entered into a settlement agreement regarding pending litigation. The settlement agreement required Dialyspa to pay Camden a specific amount in "good funds" at the beginning of March, April, and May 2022. The contract contemplated a fourth payment in June 2022 but waived Dialyspa's requirement to make the fourth payment if "each of the first three payments are made timely and fully, without any exception or excuse."

There is no dispute regarding the first two payments. Dialyspa wrote a check for the third payment and delivered it to Camden. Camden immediately took the third check to the bank and attempted to obtain a cashier's check. Camden was unable to do so. On May 4, 2022, Camden cashed the check, and it cleared. The parties agree that the third payment was made on time, but they dispute whether it was made with "good funds."

After it did not receive the fourth payment of $7,500 in June, Camden's counsel emailed Dialyspa's counsel and offered a new settlement agreement for $36,000 immediately or $47,000 over 3 months. Camden amended its petition to assert a claim for breach of settlement agreement and attorney's fees. In February

2

2023, Camden demanded $7,500 for the fourth payment. That same day, Dialyspa delivered a check to Camden for $7,500.

Both parties moved for summary judgment. The court granted summary judgment in favor of Dialyspa and dismissed Camden's claims. Camden appealed.

**Summary Judgment**

On appeal, Camden argues that the trial court erred by granting Dialyspa's summary judgment motion dismissing the breach of contract and attorney's fees claims.

**A.     Standard of Review**

We review a trial court's summary judgment ruling de novo. *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018). In doing so, "we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Provident Life and Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). To prevail on a traditional motion for summary judgment, the movant has the burden of proving that it is entitled to judgment as a matter of law and that there is no genuine issue of material fact. TEX. R. CIV. P. 166a(c); *Lujan*, 555 S.W.3d at 84. "If the movant carries this burden, the burden shifts to the nonmovant to raise a genuine issue of material fact precluding summary judgment." *Lujan*, 555 S.W.3d at 84. "A genuine issue of material fact exists if more than a scintilla of evidence establishing the existence of the

challenged element is produced." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

Summary judgment for a defendant is proper only if the defendant negates at least one element of each of the plaintiff's theories of recovery. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). If the trial court does not state the grounds upon which it grants summary judgment, an appellate court will affirm the judgment if any of the grounds set forth by the movant is meritorious. *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (per curiam).

## B. Breach of Contract Claim

Camden alleges that the trial court erred in granting summary judgment in Dialyspa's favor because there are issues of material fact related to whether Dialyspa breached the contract and whether Camden proved damages.

A plaintiff asserting a breach of contract claim must prove: (1) the existence of a valid contract; (2) the plaintiff performed or tendered performance as the contract required; (3) the defendant breached the contract by failing to perform or tender performance as the contract required; and (4) the plaintiff sustained damages as a result of the breach. *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018).

In the trial court, Dialyspa moved for traditional summary judgment challenging the breach and damages elements of Camden's claim. Dialyspa argued

4

that it had not breached the settlement agreement because it delivered the third installment timely to Camden and that nothing in the agreement required that the check be convertible to a cashier's check. Dialyspa also argued that it had not breached the contract by failing to pay the fourth payment because that payment was waived after timely delivery of the first three payments. Dialyspa further argued that Camden has no damages because it received the funds from the third payment two days after it received the third check and because upon demand, Dialyspa paid the fourth payment within 24 hours.

We first consider Camden's argument that it raised a fact issue as to damages because it is dispositive. To recover damages for breach of contract, a plaintiff must show that it suffered a pecuniary loss because of the breach. *Peterson Grp., Inc. v. PLTQ Lotus Grp., L.P.*, 417 S.W.3d 46, 64 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). The goal in measuring damages for a breach of contract claim is to provide just compensation for any loss or damage actually sustained as result of the breach. *AKIB Construction Inc. v. Shipwash*, 582 S.W.3d 791, 808 (Tex. App.—Houston [1st Dist.] 2019, no pet.). "The normal measure of damages for breach of contract is the expectancy, or benefit of the bargain, measure which seeks to restore the injured party to the economic position it would have occupied had the contract been fully performed." *Id.*

Dialyspa contends that Camden cannot establish damages for a breach of contract claim as a matter of law because the summary judgment evidence conclusively shows that Camden received the first three payments plus the disputed fourth payment. We agree. Regardless of the parties' disagreements about whether the contract was breached and when, there is no genuine issue of material fact regarding damages. The evidence shows that Camden received the monies from the first three payments, and that Dialyspa paid Camden the fourth payment of $7,500 in February 2023.

We hold that Camden has not established that it suffered damages because of the alleged contractual breach, an essential element of its claim. The trial court did not err in concluding as a matter of law that Dialyspa negated the damages element of Camden's breach of contract claim. Therefore, we hold that the trial court did not err in granting Dialyspa's motion for summary judgment and dismissing Camden's breach of contract claim. *See* TEX. R. CIV. P. 166a(c).

## C. Attorney's Fees

Camden argues that the trial court erred in granting summary judgment dismissing its attorney's fees claim. Camden argues that it is entitled to attorney's fees for pursuit of its breach of contract claim predating Dialyspa's February 2023 $7,500 payment. Dialyspa's motion for summary judgment argued that Camden could not meet the presentment requirement of an attorney's fees claim. We agree.

Section 38.001 of the Texas Civil Practice and Remedies code authorizes an award of reasonable attorney's fees for breach of contract. *See* TEX. CIV. PRAC. & REM. CODE § 38.001(b)(8). Among the requirements for recovering attorney's fees under Chapter 38, the claimant must present the claim to the opposing party or a to a duly authorized agent of the opposing party and "payment for the just amount owed must not have been tendered before the expiration of the 30th day after the claim is presented." *Id.* § 38.002. The purpose of the presentment requirement is "to allow the person against whom a claim is asserted an opportunity to pay within thirty days of receiving the notice of the claim, without incurring an obligation for attorney's fees." *Sacks v. Hall*, 481 S.W.3d 238, 250 (Tex. App.—Houston [1st Dist.] 2015, pet. denied) (internal quotation and citation omitted). To recover attorney's fees in a suit founded on a written contract under section 38.002, a plaintiff must plead and prove that presentment of a contract claim was made to the opposing party and that the opposing party failed to tender performance. *Id.* The burden of proof is on the attorney's fees claimant to plead and prove presentment and failure to tender performance. *Id.*

The evidence includes a June 2022 email chain between counsel for both parties. The June 2022 email from Camden's counsel to Dialyspa's counsel alleges that Dialyspa is in default for failure to pay $7,500 on June 1, 2022. It states that Camden has the right to pursue a claim for the full invoice and other claims subject

7

to the parties' settlement agreement. It proposes that to settle, Dialyspa could enter into a new settlement agreement for a one-time payment of $36,000 or monthly payments of $25,000, $16,000, and $16,000 over the next three months.

The evidence also includes a February 21, 2023 letter from Camden's counsel to Dialyspa's counsel titled "Formal Presentation of Claims." This letter states that it is a formal written presentation of claims against Dialyspa made pursuant to Chapter 38. It states that Dialyspa breached the settlement agreement when it did not provide good funds for the third payment and when it failed to pay the fourth payment. The letter states that Dialyspa owes $7,500. After receiving the letter, Dialyspa paid $7,500 that same day.

Camden argues that the trial court erred in granting Dialyspa's motion for summary judgment dismissing the attorney's fees claim because there is a genuine issue of material fact related to the presentment date. Dialyspa's motion argued that Camden was not entitled to attorney's fees because Camden did not properly present its claim until February 21, 2023, and when it did so, Dialyspa paid within thirty days. Camden argues that the June 2022 email is evidence of proper presentment. Dialyspa asserts that to the extent Camden presented its claim in June 2022, the email constituted an excessive demand that was unreasonable and in bad faith.

The trial court did not err in granting summary judgment in favor of Dialyspa, dismissing the attorney's fees claim. The June 2022 email is not evidence that Camden properly presented its claim to Dialyspa in accordance with section 38.002. In the email, Camden did not demand $7,500 but instead offered to enter into a new settlement agreement for at least $36,000. *See Svoboda v. Thai*, No. 01-17-00584-CV, 2019 WL 1442434, at *6 (Tex. App.—Houston [1st Dist.] Apr. 2, 2019, no pet.) (mem. op.) (stating letter and testimony demanding $18,000 for $8,000 breach of contract claim was not evidence of presentment comporting with section 38.002). The email does not meet the requirements of section 38.002 because it does not demand payment "for the just amount owed" within 30 days. TEX. CIV. PRAC. & REM. CODE § 38.002(3). Moreover, even if we assumed that the June 2022 communication was proper presentment, the email included an excessive demand for attorney's fees. *See Stewart Beach Condo. Homeowners Ass'n, Inc. v. Gili N Prop Invs., LLC*, 481 S.W.3d 336, 342 n.3 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (stating that under excessive demand doctrine, if claiming party makes unreasonable demand, other party should not be forced to pay or risk suffering opposing party's attorney's fees).

Camden could not establish entitlement to attorney's fees based on the February 2023 letter because Dialyspa paid the demanded amount within 30 days. TEX. CIV. PRAC. & REM. CODE § 38.002(3). The court did not err in concluding that

Dialyspa negated an element of Camden's attorney's fees claim because Camden could not establish proper presentment.

We hold that the trial court did not err in granting summary judgment in favor of Dialyspa dismissing Camden's attorney's fees claim.

**Motion for New Trial**

Camden also argues that the trial court abused its discretion in denying its motion for new trial because the court reached the wrong conclusion on Dialyspa's summary judgment motion. Having concluded that the trial court did not err in granting Dialyspa's motion, we need not reach this issue. *See* TEX. R. APP. P. 47.1.

**Conclusion**

We affirm the judgment of the trial court.

Susanna Dokupil
Justice

Panel consists of Justices Guerra, Caughey, and Dokupil.

10